UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMED KEITA,

           Plaintiff,

-against-

NIKE CORPORATE OFFICE,

           Defendants.

23-CV-3248 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mohammed Keita, of Staten Island, New York, brings this *pro se* action invoking the Court's federal question and diversity of citizenship jurisdiction and asserting claims against Nike Corporate Office ("Nike"). Plaintiff alleges "Violation of Federal Truth in Billing Disclosures Act, Fraud, Manipulation and Deceptive Billing Practices under Federal Trade Commission (FTC) Law." (ECF 1, at 2.) For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that he resides in Staten Island, New York. He also claims that Defendant Nike is located in Beaverton, Oregon, and the events giving rise to his claims occurred online in his home on Staten Island, Richmond County, New York, which lies within the United States District Court for the Eastern District of New York.[1] Nothing in the complaint suggests that this court is a proper venue for Plaintiff's claims.[2] Because the alleged events giving rise to Plaintiff's claims occurred in Staten Island, the Eastern District of New York appears to be a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff alleges that his claims arose in Staten Island, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

**LITIGATION HISTORY AND WARNING**

For the past few months, Plaintiff has filed eight other actions in this court, all of which have been transferred to the Eastern District of New York. *See Keita v. The Amazon Corp. Headquarters*, ECF 1:23-CV-3217, 4 (S.D.N.Y. Apr. 20, 2023); *Keita v. Coll. of Staten Island*,

---

[1] The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn), (3) Queens (New York City Borough of Queens), (3) Richmond (New York City Borough of Staten Island), (4) Nassau, and (5) Suffolk. 28 U.S.C. § 112(c).

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan), (2) Bronx (New York City Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

ECF 1:23-CV-3090, 2 (S.D.N.Y. Apr. 18, 2023); *Keita v. Ford,* ECF 1:23-CV-2755, 3 (S.D.N.Y. Apr. 3, 2022); *Keita v. Nerdrez*, ECF 1:23-CV-2103, 4 (S.D.N.Y. Mar. 21, 2023); *Keita v. Bank of NY*, ECF 1: 23-CV-1504, 3 (S.D.N.Y. Mar. 1, 2023); *Keita v. State Farm Ins.*, ECF 1:23-CV-0658, 4 (S.D.N.Y. Jan. 27, 2023); *Keita v. Am. Sec. Ins. Co.*, ECF 1:22-CV-10396, 3 (S.D.N.Y. Dec. 9, 2022); *Keita v. Liberty Mut. Ins.*, ECF 1:22-CV-10268, 5 (S.D.N.Y. Dec. 9, 2022). In the Eastern District, Plaintiff has been described as a "serial litigator." *See Keita v. Am. Sec. Ins. Co.*, No. 17-CV-0879 (E.D.N.Y. Dec. 10, 2021).

In light of Plaintiff's litigation history, the Court finds that Plaintiff was or should have been aware that this court was not a proper venue for this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that the further filing of actions that do not belong in this court will result in an order barring him from filing any new actions in this court without first seeking permission of the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

Plaintiff is warned that the further filing of actions for which this court is not a proper venue will result in an order barring him from filing any new actions in this court without first seeking permission of the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 21, 2023
       New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge